## Ebersole v. Martin Brothers.

*Willis G. Kendig*, for plaintiff; *Daniel B. Strickler*, for defendant.

GROFF, P. J., January 10, 1931.—This is a motion to strike off plaintiff's statement of claim, and defendants assign the three following reasons:

"1. Paragraph four of the plaintiff's statement of claim violates section five of the Practice Act of 1915, in that it sets forth conclusions of law in alleging that the defendants negligently, carelessly and unlawfully permitted and

allowed a certain road-building machine to stand on the right side of the said Lincoln Highway, without setting forth specifically what were the acts of negligence, carelessness and unlawfulness.

"2. Paragraph seven of the plaintiff's statement of claim violates section five of the said Practice Act, in claiming damages in the lump sum without showing specifically just what the damages were and without itemizing and detailing the damages and showing the amount and costs of repairs to the automobile so as to enable the defendants to make a proper defense.

"3. The plaintiff's statement of claim does not conform with the provisions of the Practice Act and should be stricken off under section twenty-one of said act."

Section five of the Practice Act of May 14, 1915, P. L. 483, reads as follows:

"Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, or defense, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusions of law, . . ."

The defendants' reason as set out would be good if paragraph four of plaintiff's statement were not immediately followed by paragraph five, in which it is alleged that "said machinery of the defendants [referring to the machinery in paragraph four], which was standing on the Lincoln Highway aforesaid, was not protected by warning lights, nor was there any other means or device employed to warn approaching motorists of the presence of the said machinery on the said highway."

To leave the machinery so standing was a plain violation of the Vehicle Code of May 1, 1929, P. L. 905, 982, section 1019, and if the defendants did what is alleged in paragraphs four and five of plaintiff's statement, when read together, and that brought about the injury to the plaintiff's automobile, then defendants would be liable in damages under the allegations in plaintiff's statement.

Now as to the second reason assigned for striking off the plaintiff's statement, the plaintiff alleges in paragraph seven that by reason of the negligence of the defendants "the right-hand side of plaintiff's automobile was bent and damaged, the running board was torn off, the doors were twisted and broken and the top was damaged; altogether plaintiff sustained damage to the amount of $260, to recover which this action is brought." That sets out the specific items of injury which was done to plaintiff, and for which he seeks to recover, and the court would not permit him to recover for any other item.

We decided in Helenthal v. Geller, 41 Lanc. L. R. 652, that,

"In an action of trespass to recover damages for property destroyed by the defendant's negligence the statement need not aver the value of each particular item alleged to have been destroyed if it shows substantially the injuries done and the damage sustained."

We find that this same doctrine has been approved in Bilger v. Penna. R. R. Co., 5 D. & C. 762, Ellsworth v. O'Keefe, 26 Dist. R. 277, and in Gunning v. Scranton Ry. Co., 26 Dist. R. 954.

We, therefore, conclude that there is no virtue in the second reason assigned by defendants for striking off the plaintiff's statement. There being nothing in the first and second assignments, there can be nothing in the third, and we, therefore, discharge the rule to show cause why plaintiff's statement should not be stricken off.

Rule discharged.

From George Ross Eshleman, Lancaster, Pa.